IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

MICHAEL D. MCMILLAN,           )
                               )
        Petitioner,            )
                               )
 v.                            )        Case No. 18-3049
                               )
JOHN BALDWIN, Director of IDOC,)
KIMBERLY SMITH, Warden,        )
                               )
        Respondents.           )

## OPINION

RICHARD MILLS, United States District Judge:

Petitioner Michael D. McMillan has filed a pro se Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus.

Pending also is the Respondent's motion to dismiss.

## I.    BACKGROUND

On April 15, 2016, in Sangamon County, Illinois, Petitioner Michael D. McMillan pleaded guilty to two counts of aggravated driving under the influence (DUI) pursuant to 625 ILCS 5/11-501(d)(2)(E), which governs sixth or subsequent DUI offenses.  *See People v. McMillan*, No. 2012 CF 782 (Cir. Ct. Sangamon Cty.); *People v. McMillan*, No. 2014 CF 361 (Cir. Ct. Sangamon Cty.)

Based on a plea agreement, the Petitioner was sentenced to the statutory minimum prison term of six years for each offense to be served consecutively.

On July 8, 2016, the Petitioner filed pro se post-conviction petitions in each case under Illinois's Post-Conviction Hearing Act, *see* 725 ILCS 5/122-1, *et seq.* The Petitioner was appointed counsel in each case. An October 9, 2018 review of the Sangamon County Circuit Clerk's website (records.sangamoncountycircuitclerk.org) shows that both petitions remain pending.

On October 17, 2016, the Petitioner moved to correct the mittimus in Case Number 2014 CF 361. The circuit court dismissed the motion for lack of jurisdiction and the Petitioner appealed. The appeal remains pending in the Illinois Appellate Court under Docket Number 4-17-0101.

According to the § 2254 petition, on March 14, 2017, the Petitioner filed a petition for writ of mandamus in the Circuit Court of Christian County, Illinois, Case Number 17-MR-43. The circuit court dismissed the petition for lack of jurisdiction and the Petitioner appealed. That appeal remains pending in the Illinois Appellate Court under Docket Number 5-17-0327.

On June 27, 2017, the Petitioner sought leave to file a petition for writ of habeas corpus in the Illinois Supreme Court. Leave was denied on September 26, 2017.

The instant petition was filed on March 20, 2018. The Petitioner alleges (1) he was denied his Fifth and Sixth Amendment rights because he did not knowingly and intelligently waive his statutory right to a speedy trial under Illinois law; (2) the trial court lacked jurisdiction; and (3) trial counsel was ineffective.

## II.    DISCUSSION

A petitioner seeking relief under § 2254 must properly exhaust his state court remedies. 28 U.S.C. § 2254(b). "Under "Section 2254's exhaustion requirement, the petitioner must assert his federal claim through one complete round of state-court review, either on direct appeal or in post-conviction proceedings." *Pole v. Randolph*, 570 F.3d 922, 934 (7th Cir. 2009). This includes filing a PLA in the Illinois Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-46 (1999). The petitioner must present the operative facts and the legal principles pertaining to each claim. *See Pole*, 570 F.3d at 934.

Procedural default due to failure to exhaust a claim in state court can result in two primary ways. A claim that is not "fairly presented" "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings" may be procedurally defaulted. *Clemons v. Pfister*, 845 F.3d 816, 819 (7th Cir. 2017). "Procedural default can also occur if the state court rejects a federal claim based on a state procedural rule

that is both independent of the federal question and adequate to support the judgment." *Id.*

The Petitioner here has not presented his claims through one complete round of state court review. He did not file a direct appeal. His post-conviction petition remains pending in the Circuit Court of Sangamon County. The Petitioner also has two pending state court appeals.

While the Petitioner claims to have exhausted his federal claims via his habeas petition to the Illinois Supreme Court, he was denied leave to file it. An unsuccessful motion for leave to file an original action in the Illinois Supreme Court does not exhaust a claim under § 2254(b). *See Crump v. Lane*, 807 F.2d 1394, 1396 (7th Cir. 1986). Therefore, the Petitioner has not exhausted his state court remedies for any of his claims as required by § 2254.

A petitioner may obtain federal habeas relief on unexhausted claims only when "(1) there is an absence of available State corrective process;" or "(2) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The Petitioner has failed to provide any reason why the exhaustion requirement does not apply in this case. The Court finds that neither exception applies.

The post-conviction process used by Illinois has been determined to be an available and viable process. The Petitioner's post-conviction petitions are

currently pending in state court. Because a state corrective process exists by which the Petitioner can pursue relief for his unexhausted claims—and he is pursuing that process—he cannot meet the exception set forth in § 2254(b)(1)(B)(i).

The Petitioner has not demonstrated that the existing state corrective process is ineffective "to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B)(ii). The Petitioner's post-conviction petitions have been pending for less than two years. The State has moved to dismiss the petitions and the Petitioner's counsel has failed to either amend the pro se petitions or respond to the State's motions to dismiss. There has been no unjustifiable delay in the Petitioner's state court proceedings. Therefore, the Petitioner is unable to excuse his failure to exhaust state court remedies.

The Court will dismiss the petition without prejudice. The federal limitations period has been tolled since the Petitioner filed his post-conviction petitions in state court on July 8, 2016. Therefore, the Petitioner will not be prejudiced by the dismissal.

Ergo, the Respondent's Motion to Dismiss without Prejudice the Petition for Writ of Habeas Corpus as Unexhausted [d/e 15] is ALLOWED.

The Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [d/e 1] is DISMISSED without prejudice for failure to exhaust state court remedies.

The Petitioner's Motion for Appointment of Counsel [d/e 4] is DENIED.

The Respondent's Motion to Substitute Counsel [d/e 20] is GRANTED.

Assistant Attorney General Eric Levin is substituted as counsel for the Respondent.

Assistant Attorney General Lindsay Beyer Payne is terminated as counsel.

The Clerk will terminate any other pending motions [d/e 3, 5, 6 & 18] and enter Judgment.

ENTER: October 15, 2018

FOR THE COURT:

 /s/ *Richard Mills*
Richard Mills
United States District Judge